[No. 34807. *En Banc.* January 29, 1959.]

OLYMPIA OYSTER GROWERS ASSOCIATION, INC. *et al., Petitioners,* v. WASHINGTON POLLUTION CONTROL COMMISSION *et al., Respondents and Relator,* THE SUPERIOR COURT FOR THURSTON COUNTY, *Richard J. Ennis, Judge, Respondent.*[1]

[1]Reported in 334 P. (2d) 776.

*Holman, Mickelwait, Marion, Black & Perkins, DeForest Perkins,* and *Stanley W. Worswick,* for relator.

*Smith Troy* and *Don Cary Smith,* for respondent.

PER CURIAM.—Rayonier, Inc. (herein called relator) petitioned this court for a writ of certiorari directed to the superior court of Thurston county to enable us to review the action of that court in denying Rayonier's motion to quash a certain writ of certiorari issued by that court, and to dismiss the pollution control commission (whose order was the subject of that proceeding). This court issued the writ requested by the relator directing the superior court to certify and return here a full and complete transcript of the record and proceedings. This was done and the cause was argued in this court on behalf of Rayonier, Inc., and the respondent superior court.

The litigation arose out of a certain permit (No. 779) issued by the pollution control commission on October 2, 1957, to relator specifying the terms upon which it may discharge waste material into Oakland Bay from its Shelton plant. Certain owners of oyster beds in Thurston county petitioned the superior court of that county to review the proceedings of the commission. In their petition they alleged that the permit was "arbitrary, capricious, unreasonable and unlawful" in certain particulars and was contrary to the applicable statute (RCW 90.48.010 *et seq.*).

The statutory provision for obtaining a review of an order of the commission is found in RCW 90.48.130, reading as follows:

"The commission shall grant a hearing to any person who feels aggrieved by any of its orders, upon application filed within fifteen days from receipt thereof. At such hearing the petitioner may appear, present witnesses, and submit evidence. Following the hearing the commission shall make

its order, and, unless appeal is taken therefrom, it shall be final. *The order shall be subject to review and trial de novo as a cause in equity upon petition filed within fifteen days of the issuance of the order in the superior court of the county in which the affected system or plant or some portion thereof, is situated.* Except in case of an emergency affecting the public health, any order shall be stayed pending the hearing before the commission and, in case of appeal, pending final determination of the matter by the court. Any order shall be subject to modification or revision by the commission upon the petition of any person adversely affected thereby." (Italics ours.)

RCW 90.48.210 provides that the specification of the conditions of a permit or the terms thereof shall be deemed an order for the purposes of RCW 90.48.130.

■ The petitioners complain that RCW 90.48.130 (quoted above) is "a poorly drafted and ambiguous appeal and review statute" and assert that it is difficult for any one to know how to proceed thereunder. However ambiguous the statute may be in other respects, it is definite in providing that the commission's order is subject to review only in the superior court of the county "in which the affected system or plant . . . is situated."

■ We do not agree with petitioners' contention that the words "system or plant," as used in the statute, mean their oyster beds (which are in Thurston county). We think that, as·applied to this case, these words can be only construed as referring to the plant of Rayonier, Inc., which is located in·Mason county. Under the statute, only the superior court for Mason county had jurisdiction to review the commission's order in this case. No question of venue is involved. Therefore, the superior court of Thurston county had no jurisdiction of the subject matter, and it should have entered an order so holding.

Nothing herein shall be construed as preventing any party from pursuing any administrative remedy he may have under the statutes referred to in this opinion.

Because of its lack of jurisdiction, the trial court is di-

rected to vacate the order under review in this court and to desist from further proceeding in cause No. 30323.

It is so ordered.

FOSTER, J., did not participate.